IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JESS T. LAMMERS,

                    Plaintiff,                                    **8:24CV186**

          vs.

COUNTY OF PHELPS NE, PHELPS                          **MEMORANDUM AND ORDER**
COUNTY CORRECTIONS, and PENNY
GREGG, Admin (Jail),

                    Defendants.

This matter comes before the Court on Plaintiff's, Jess T, Lammers's, Complaint filed on May 24, 2024. Filing No. 1. Lammers, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 12. The Court now conducts an initial review of Lammers's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

Plaintiff's complaint consists of the following hand-written narrative, as best as the Court can discern:

Lammers was admitted to Phelps County Corrections on May 12, 2024. On May 21, 2024, in cell J103, Defendant Penny Gregg, yelled at Lammers and slammed the cell door. The altercation is documented by electronic kites that Plaintiff cannot access. Lammers requested transport to Lincoln County, NE for a court appearance scheduled for June 28, 2024. Gregg told Lammers he could not attend court and would have to settle for a "failure to appear warrant" being issued so Lammers could be re-arrested after time served in Phelps County. Lammers argues he is entitled to due process and "simply

requested disability accommodation by appearing 'in person,' not telephonically or via Zoom." And requests $10,000,000.00 in damages.  Filing No. 1 at 1–2.

## II.    STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

## III.    DISCUSSION

Plaintiff sues defendants for what appears to be the denial of his right for an in-person hearing as opposed to the telephonic or Zoom hearing he received a Uniform Citation for running a red light.  The Court analyzes Lammers's complaint and determines summary dismissal is appropriate.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure.  *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant

2

failed to comply with the Federal Rules of Civil Procedure).  Among other procedural

requirements, parties must formulate their pleadings in an organized and comprehensible

manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a
> complaint contain a "short and plain statement of the grounds for the court's
> jurisdiction," a "short and plain statement" of the plaintiff's claims and a
> "demand for the relief sought."  Federal Rule of Civil Procedure 8(d)(1)
> provides that, although no technical form of pleading is required, each claim
> must be simple, concise and direct.  Federal Rule of Civil Procedure 10(b)
> directs parties to separate their claims within their pleadings and provides
> that each claim should be limited as far as practicable to a single set of
> circumstances.  In addition, Rule 10(b) makes clear that each claim that is
> founded on a separate transaction or occurrence must be stated in a
> separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at

*3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*,

No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).  The primary purpose of Rule

8 is to allow the court and an opposing party to understand whether a valid claim is alleged

and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing

party is not required to keep sifting through it in search of what it is plaintiff asserts.  *Cody

v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch.

Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)).

Perhaps most fatal to his complaint, Lammers's complaint does not satisfy Rule 8

as to the grounds for the Court's jurisdiction.  Lammers does not reference or allude to

any federal statutory or constitutional basis for his claims.  "While the pleading standards

are not intended to be onerous on plaintiffs, defendants and courts are not required to

scour the federal code to locate applicable statutes and jurisdictional bases that a plaintiff

may or may not be invoking.  Plaintiff, therefore, must clearly identify a federal statute or

other appropriate legal authority that supports the legal claim or claims giving rise to this suit." *Lane v. City of Lee's Summit*, No. 4:21-00437-CV-JAM, 2021 WL 5311330, at *2 (W.D. Mo. Nov. 15, 2021).  Lammers fails to do so here.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds Plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure and is subject to preservice dismissal pursuant to 28 U.S.C. § 1915(e)(2).

IT IS ORDERED:

1.  The Complaint, Filing No. 1, is dismissed without prejudice.

2.  The Court will enter a separate judgment.


Dated this 24th day of June, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

.